IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LUANN BRESLIN, individually and
as personal representative of the
estate of Cody L. Reindahl,

                                                                    ORDER

                              Plaintiff,[1]

                                                              12-cv-860-bbc

              v.

WISCONSIN HEALTH CARE
LIABILITY INSURANCE PLAN
and TREMPEALEAU COUNTY
HEALTHCARE CENTER,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action seeking money damages under 42 U.S.C. § 1983 and the state law

of negligence, plaintiff LuAnn Breslin is suing defendants Trempealeau County Health Care

Center and Wisconsin Health Care Liability Insurance Plan.  Plaintiff contends that the

Center is responsible for the death of her son, Cody Reindahl, who committed suicide while

a patient there. As the only remaining defendants, the health care center and its insurance

_____

       [1] I have amended the caption to show plaintiff LuAnn Breslin as a single plaintiff.
Since she is proceeding on behalf of the estate as well as her own behalf, the estate is
redundant.  Estate of Dane Wourms v. Fields, 13-1178, Feb. 5, 2014 ("We have reformed
the caption to eliminate the estate as a party, since the an executor or administrator of an
estate (and the personal representative of Dane Wourms's estate must be one or the other)
is the authorized suitor on the estate's behalf, not the estate itself or its beneficiaries.  See
Fed. R. Civ. P. 17(a)(1)(A),(B)."

carrier have moved for summary judgment on plaintiffs' § 1983 and negligence claims.  Dkt. #32.

Neither side has discussed in their briefs the appropriate standard of liability under § 1983 for municipal entities such as Trempealeau County, the owner of the Health Care Center.  That standard is laid out in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 690 (1978).  (Defendants mentioned the case in its opening brief, but did not explain its relevance to this case.)  Under Monell, "[a] local governing body may be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority."  Thomas v. Cook County Sheriff's Department, 604 F.3d 293, 303 (7th Cir. 2010).

Plaintiff does not contend that her son's suicide was the result of an official county policy, a widespread, well settled government practice or custom of an action by an official with final policy-making authority.  Rather, plaintiff seems to assume that the county (in the form of the Health Care Center) is liable under the theory of respondeat superior for the actions or inactions of its employees.  If so, she is wrong; respondeat superior plays no role in § 1983 actions.  City of Canton, Ohio v. Harris, 489 U.S. 378, 386 (1989).

Had defendants sought summary judgment on the ground that plaintiff had failed to show any basis for liability on the part of defendant Health Care Center, I would have to grant their motion.  However, they said nothing more on the subject once they cited Monell.

At this stage, one possibility is simply to deny defendants' motion for summary judgment, but it would make no sense to go forward to trial on an unsustainable theory that has no basis in the law. Instead, plaintiff will have one more opportunity to argue that her § 1983 claim meets the standard for municipal liability and that the Healthcare Center is a suable entity. (If she intends to rely on new facts, she will have to propose them as set out in this court's order on summary judgment motions.) Defendants will not have an opportunity to respond.

ORDER

IT IS ORDERED that plaintiff LuAnn Breslin may have until February 21, 2014 to respond as explained in this order. If plaintiff does not respond by this date, summary judgment will be entered in favor of defendants Trempealeau County HealthCare Center and Wisconsin Health Care Liability Insurance Plan.

Entered this 6th day of February, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge